UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUDREY BERNSTEIN,<br><br>                Plaintiff,<br><br>vs.<br><br>NEXTDECADE CORPORATION,<br><br>                Defendant. | Case No.: 17-CV-12137 |

## COMPLAINT

Plaintiff Audrey Bernstein ("Plaintiff"), by her undersigned attorneys, alleges the following based upon personal knowledge as to her own acts and information and belief as to all other matters, based upon the investigation conducted by and through her attorneys:

## NATURE OF THE ACTION

1. Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, listing information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

2. On November 24, 2017, Defendant NextDecade Corporation ("NextDecade" or the "Company") furnished its shareholders with a definitive proxy statement issued on Schedule 14(a) (the "Solicitation") including two proposals that requireshareholder action to approve. Of those proposals, the first proposal ("Proposal 1") seeks shareholder action, by way of a vote, "to adopt the Company's 2017 Omnibus Incentive Plan (the "2017 Equity Plan Proposal")[.]"

3. The 2017 Equity Plan Proposal seeks, *inter alia*, to authorize 5,262,461 shares for issuance to NextDecade's employees, non-employee members of NextDecade's Board, consultants, or other personal service providers of the Company or any of its subsidiaries.

4. The purpose of the 2017 Equity Plan, per the Solicitation, is:

> to further align the interests of eligible participants with those of the Company's stockholders by providing long-term incentive compensation opportunities tied to the performance of the Company and its common stock. We believe that to be successful, our employees need to think like owners. Consistent with this philosophy, our equity program continues to be broad-based to provide us with a competitive advantage in our efforts to hire and retain top talent. . . .

5. As described below, Proposal 1 does not comply with the Securities and Exchange Commission's ("SEC") disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

6. Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of NextDecade whose vote is solicited, brings this direct stockholder action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC"), to enjoin a vote by its shareholders on Proposal 1 in the Solicitation for the special meeting of NextDecade shareholders scheduled for December 15, 2017.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

8. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

9. Venue is proper in this District. As allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue occurred because numerous Solicitations, including Plaintiff's, were mailed to NextDecade shareholders residing in this District.

## PARTIES

10.    Plaintiff is, and has been for all relevant times herein, a holder of NextDecade ordinary stock and resides in the State of New Jersey, Essex County.

11.    NextDecade is a corporation organized under the laws of Delaware that maintains its principal place of business in The Woodlands, Texas. According to the Solicitation, "[s]tockholders of record as of the close of business on November 17, 2017 (the "Record Date") are entitled to receive notice of and to vote at the Special Meeting. As of the Record Date, there were 106,274,527 shares of our common stock issued and outstanding. Each outstanding share of Company common stock is entitled to one vote upon each matter properly submitted to a vote at the Special Meeting." NextDecade's stock is traded on the NASDAQ under the symbol NEXT. NextDecade is a development and management company. The Company is engaged in developing of land-based Liquefied Natural Gas projects and associated pipelines in the integrated gas industry in the State of Texas.

## Wrongful Acts and Omissions

12.    NextDecade has scheduled a special shareholders' meeting for December 15, 2017. According to the Solicitation, "Stockholders that are entitled to vote at the Special Meeting may do so in person at the Special Meeting, or by proxy submitted by mail or Internet as described on the notice and access form."

13.    Proposal 1 requests of NextDecade's shareholders

> The Board is asking you to approve the Company's 2017 Omnibus Incentive Plan (the "2017 Equity Plan"), which was adopted by the Board on October 10, 2017. The 2017 Equity Plan will only become effective if approved by the stockholders at the Special Meeting.

\* \* \*

**Material Terms of the 2017 Equity Plan**

The following summary of the material terms of the 2017 Equity Plan is qualified in its entirety by the full text of the 2017 Equity Plan, which has been filed as <u>Appendix A</u> to this Proxy Statement that was filed electronically with the Securities and Exchange Commission and can be reviewed on the Securities and Exchange Commission's website at www.sec.gov. You may also obtain, free of charge, a copy of the 2017 Equity Plan by writing to the Secretary, NextDecade Corporation, 3 Waterway Square Place, Suite 400, The Woodlands, Texas 77380.

* * *

*Incentive Awards*

The 2017 Equity Plan authorizes stock options, stock appreciation rights, restricted stock, restricted stock units, cash performance awards as well as other awards (described in the 2017 Equity Plan) that are responsive to changing developments in management compensation. The 2017 Equity Plan retains the flexibility to offer competitive incentives and to tailor benefits to specific needs and circumstances. An option or SAR will expire no later than ten years from the date of grant. Awards will vest in accordance with the schedule set forth in the applicable award agreement.

14. Proposal 1 provides insufficient information for NextDecade stockholders to understand how many participants are eligible to participate in the 2017 Equity Plan, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

15. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 1 only tells stockholders the following about who will receive these awards:

4

### *Eligible Persons*

Persons eligible to receive awards under the 2017 Equity Plan include our employees, non-employee members of our Board, consultants, or other personal service providers of the Company or any of its subsidiaries. The Administrator (as defined below) determines from time to time the participants to whom awards will be granted.

16. The Solicitation omits the approximate number of persons who qualify as eligible participants, and provides no information about the approximatenumber of persons who will be eligible to participate under the 2017 Equity Plan. There is no reference in the Solicitation to the approximate numberof "employees, non-employee members of our Board, consultants, or other personal service providers of the Company or any of its subsidiaries."

17. There is no estimate of the approximate number of NextDecade's employees, non-employee members of our Board, consultants, or other personal service providers of the Company or any of its subsidiaries who otherwise meet the requirements of the 2017 Equity Plan.

18. As a result of the above defects, the Solicitation does not inform shareholders of how many participants may be awarded the 5,262,461 shares that stockholders are being asked to approve or the basis of their receipt of such awards, and does not inform shareholders of the types of consultants or personal service providers that may qualify.

19. This contravention of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

20. The preceding paragraphs state a direct claim for relief against NextDecade under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

21. As a result of these actions, Plaintiff will be injured, and has no adequate remedy at law. She will suffer irreparable harm on Proposal 1 if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the 2011 Plan allows for the issuance of 5,262,461 shares, worth approximately $50.3 million (based upon a closing price of $9.56 on November 27, 2017) be granted to an unknown number of persons who qualify as Eligible.

22. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the December 15, 2017 vote would be impracticable.

23. To ameliorate injury, injunctive relief is required in the form of a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders.

24. NextDecade should be enjoined from presenting Proposal 1 for a stockholder vote at the December 15, 2017 annual meeting or certifying or otherwise accepting any vote cast in connection with Proposal 1 unless the appropriate amendments are timely made.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor, and against NextDecade, as follows:

(A) A preliminary and permanent injunction, enjoining NextDecade from:

  i. presenting Proposal 1 for a shareholder vote at the December 15, 2017 annual meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

        ii.      certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any NextDecade shareholder in connection with Proposal 1 in the Solicitation unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B)    A preliminary and permanent injunction requiring NextDecade to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

(C)    Otherwise proceeding at its December 15, 2017 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

(D)    Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of NextDecade's shareholders.

(E)    Granting such other and further relief as this Court may deem just and proper.

Dated: November 28, 2017

KANTROWITZ, GOLDHAMER & GRAIFMAN P.C.

By: _____
Gary S. Graifman, Esq.
Jay I. Brody, Esq.
210 Summit Avenue
Montvale, New Jersey 07645
Tel:   (201) 391-7000

Howard Longman
Michael J. Klein
**STULL, STULL & BRODY**
6 East 45th Street
New York, NY 10017
Phone: (212) 687-7230
Fax: (212) 490-2022
hlongman@ssbny.com
mklein@ssbny.com

*Attorneys for Plaintiff*